United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41500
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGACIANO JAIMES BETANCOURT-CRUZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-538-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Rogaciano Jaimes Betancourt-Cruz appeals his sentence
imposed following his guilty conviction plea for illegal reentry
into United States following deportation.  Betancourt-Cruz was
sentenced to a term of imprisonment of 57 months, to be followed
by a three-year term of supervised release.  We need not decide
the applicability of the waivers in this case because the issues
raised by Betancourt-Cruz are without arguable merit.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Betancourt-Cruz argues that his sentence under the mandatory guidelines system was plain error that affected his substantial rights because the district court would have imposed a different sentence under an advisory guidelines system.  He relies on the fact that the district court imposed a sentence at the bottom of the sentencing guidelines range.  He also contends that the sentence affected the fairness and integrity of the judicial proceeding.

In the remedial portion of United States v. Booker, 125 S. Ct. 738, 764-65 (2005), the Supreme Court excised 18 U.S.C. § 3553(b)(1) of the Sentencing Reform Act, rendering the Federal Sentencing Guidelines effectively advisory.  After Booker, it is clear that application of the Federal Sentencing Guidelines in their mandatory form constitutes error that is plain.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).  Betancourt-Cruz must show that the error affected his substantial rights, and he has not done so.  See Valenzuela-Quevedo, 407 F.3d at 733-34.  His sentence at the bottom of the sentencing guidelines range is not sufficient to make the required showing.  See United States v. Bringier, 405 F.3d 310, 318 n.4 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005).

Betancourt-Cruz argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional, relying on the Supreme Court's suggestion in

<u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) that <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998) was wrongly decided.

Betancourt-Cruz's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>. Although Betancourt-Cruz contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Betancourt-Cruz properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.